IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelly Cabrera,                          :

     Plaintiff,                     :

v.                                      :    Case No. 2:08-cv-1087

Commissioner of Social Security,:            JUDGE JAMES L. GRAHAM
     Defendant.                              Magistrate Judge Kemp
                                        :

## OPINION AND ORDER

The Court entered final judgment remanding this case to the Commissioner on January 5, 2010. On August 18, 2011, plaintiff's counsel moved for a fee award under 42 U.S.C. §406(b). The Commissioner has not filed an opposing memorandum. Counsel seeks fees in the amount of $4,760.00 for 11.9 hours spent in representation of the plaintiff.

The standards for reviewing a petition for attorneys' fees under 42 U.S.C. §406(b) are set forth in some detail in the Sixth Circuit's decisions of Rodriquez v. Bowen, 865 F.2d 739 (6th Cir. 1989) (en banc), and Hayes v. Secretary of HHS, 923 F.2d 418 (6th Cir. 1991). Rodriquez stands for the proposition that an award in the amount of twenty-five percent of the past due benefits is presumptively appropriate so long as it is derived from a contingent fee contract between counsel and the claimant permitting that amount to be charged. Hayes concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the Rodriquez analysis," 923 F.2d at 422, noting that a fee in the amount of twice the standard hourly rate is per se reasonable and establishes a floor for awarding of attorneys' fees below which

the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate.

This is not to say that attorneys' fees petitions can never be scrutinized or discounted by the District Court. Both Rodriquez and Hayes make clear that the District Court can reduce a fee request, especially one which asks for more than twice the normal hourly rate, if a disproportionate amount of the lawyer's time charged is for services ordinarily performed by clerical or paralegal staff; if the case is not particularly difficult or complex; if there was some improper or ineffective action taken by counsel during the course of the case; or if the fee was not truly contingent, as in the situation where no fee agreement is signed until after the benefits award has already been made. See, e.g., Damron v. Commissioner of Social Security, 104 F.3d 853, 856 (6th Cir. 1997). Also, even in a case where the government has filed no response to the fee petition, "[d]espite the absence of an objection . . . a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination." Lanham v. Secretary of HHS, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Finally, any fee award must be limited to twenty-five percent of the benefits which accrued up to the date three months after the case became ripe for decision. Dearing v. Secretary of HHS, 815 F.2d 1082 (6th Cir. 1987).

Here, plaintiff was awarded benefits retroactive to September, 2003. The total of past due benefits awarded was $51,620.15. The amount of fees requested is clearly less than 25% of the past due benefits, and the Social Security Administration withheld $16,683.25 in anticipation of a claim for attorneys' fees. Plaintiff signed a contingent fee agreement for 25% of past due benefits. Concerning the Dearing factor, the fee

-2-

requested is also much less than 25% of the benefits which had accrued up to July 19, 2008, the date on which the case had been ripe for decision for three months. Thus, the only real inquiry the Court must make is if the hourly fee - here, $400.00 per hour - falls within the range of reasonableness.

Counsel has not indicated how much she charges per hour for non-contingent fee work, but does note that standard fees in social security cases can be as much as $150.00 per hour. Counsel has been admitted to practice for more than 25 years and specializes in social security litigation. Her fee statement shows that she used her time efficiently and economically, spending only 11.9 hours on this case. She achieved a favorable result for her client. Under these circumstances, an award at the rate of $400.00 per hour would not constitute a windfall and is sufficiently reasonable to support counsel's request.

For these reasons, counsel's motion for attorneys' fees under 42 U.S.C. §406(b) is **GRANTED**. Counsel is awarded the sum of $4,760.00 as fees in this case.

**IT IS SO ORDERED.**

Date: September 19, 2011

JAMES L. GRAHAM
United States District Judge